IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS F. KOVACH ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | |
| ) | |
| METROPOLITAN GOVERNMENT OF ) | Case No. 3:09-cv-0886 |
| NASHVILLE AND DAVIDSON ) | Judge Campbell/Brown |
| COUNTY; JAMIE S. JENKINS; ) | |
| MARGARET MEYER; and EZZIE ) | |
| WHITE, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge are Motions to Dismiss filed by Defendants Metropolitan Government of Nashville ("Metro"), Jenkins, and Meyer.[1] (Docket Entries 66, 70, 73). The Magistrate Judge has also reviewed the accompanying memoranda (Docket Entries 76, 79, 71) and Plaintiff's Responses (Docket Entries 20, 28, 82). The Magistrate Judge has also reviewed Plaintiff's Response to the Magistrate Judge's Order to Show Cause (Docket Entryes 75, 88).

For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Defendant

---

[1] Defendants Jenkins and Meyer previously filed motions to dismiss that were not ruled on by the Court. (Docket Entries 15, 24). Because the later-filed motions are based on the Amended Complaint (Docket Entry 55), the Magistrate Judge has considered only the motions at Docket Entries 70 and 73 in preparing this Report and Recommendation. Plaintiff has referenced his earlier Responses in his current Response, and, accordingly, the Magistrate Judge has reviewed all Plaintiff's Responses.

1

Metro's motion be **GRANTED** and all claims against Defendant Metro be **DISMISSED**. The Magistrate Judge further **RECOMMENDS** that Defendant Jenkins's motion be **GRANTED** and all claims against Defendant Jenkins be **DISMISSED**. The Magistrate Judge **RECOMMENDS** Defendant Meyer's motion be **GRANTED** and all claims against Defendant Meyer be **DISMISSED**. The Magistrate Judge also **RECOMMENDS** the court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state claims against Defendant White.

## I. INTRODUCTION

Plaintiff, a resident of Wilson County, Tennessee, filed this action *pro se* on September 21, 2009, alleging employment discrimination based on sex and race and related claims against Defendants. Plaintiff brings his action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and a number of Tennessee statutes.

## II. BACKGROUND

Plaintiff Thomas F. Kovach was employed by Metropolitan Nashville Public Schools ("MNPS") as a sign language facilitator for a student in the special education department of Whites Creek High School. On February 20, 2007, Plaintiff was assaulted by a 15-year-old student. Plaintiff defended himself against the student and was later terminated by MNPS. Defendant Jenkins, the principal of Whites Creek High School, and the two police officers assigned to Whites Creek refused to take Plaintiff's criminal complaint against the student on the day of the assault. The Metropolitan Nashville Police Department and Office of the District Attorney also refused to prosecute the student. The student's father, Defendant Ezzie White, filed a criminal complaint against Plaintiff two months after the incident. The allegations against Plaintiff were used in news releases by the Tennessee Democratic Party when Plaintiff was

running for Congress in 2008. Plaintiff alleges an ongoing lack of discipline and enforcement at Whites Creek High School. Plaintiff seeks damages based on the loss of his employment with MNPS, the loss of the Congressional election, physical pain, mental stress and anguish, and punitive damages. Plaintiff also seeks legal fees for his time.

Plaintiff filed an amended complaint on December 30, 2009. (Docket Entry 55). Defendants Meyer and Jenkins had previously filed motions to dismiss the claims against them on October 19, 2009 and October 28, 2009, respectively. (Docket Entries 15, 24). Defendants Metro, Jenkins, and Meyer filed motions to dismiss Plaintiff's Amended Complaint. (Docket Entries 66, 70, 73).

### III. LEGAL DISCUSSION

#### A. Standard of Review for a Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched

3

as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

### B. Analysis

1. Title VII Claims

Plaintiff alleges Defendants Metro, Jenkins, and Meyer wrongfully terminated his employment based on race and sex discrimination, in violation of Title VII, 42 U.S.C. § 2000e *et seq*.[2] Title VII provides that "it shall be an unlawful employment practice for an employer" to discriminate based on race, color, sex, national origin, or religion. 42 U.S.C. § 2000e-2(a). The statute also provides for a private right of action against the employer for persons injured by employment discrimination. 42 U.S.C. § 2000e-2(b). "Employer" is defined in the statute as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b).

Defendants argue that Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 2000e-5. *See*, *e.g.*, *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F.App'x 591, 593 (6th Cir. 2004) (upholding dismissal of plaintiff's complaint because "[t]he exhaustion of administrative remedies is a condition precedent to a Title VII [] action."). In his Response, Plaintiff argues that he and his union representative raised the issue of racial discrimination in

---

[2] Plaintiff has made no substantive factual allegations regarding his sex discrimination claims. The Magistrate Judge therefore considers his Title VII and § 1983 claims for employment discrimination to be based on race alone.

4

the administrative hearings leading to his termination, which was attended by Dr. Bruce Bowers, who oversees the school district's Equal Employment Opportunity programs. While failure to exhaust administrative remedies is not a jurisdictional prerequisite to suit and is subject to waiver or equitable tolling, the Magistrate Judge believes neither is appropriate in this case. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982).

Equitable tolling and waiver are appropriate only in limited circumstances and are most commonly applied in the employment discrimination context when the action "involves some affirmative representation or action by the employer that causes an employee to miss a filing deadline." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). Other factors to be considered in deciding whether equitable estoppel or waiver should be applied include: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id.* There is no indication Plaintiff ever attempted to file a claim with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission. Plaintiff does not allege that he contacted Dr. Bowers in his role as EEO administrator or that he even made the accusation that he was being discriminated against because of his race at the administrative hearing. In his Response, Plaintiff notes that he and his union representative "raised the issue of racial discrimination with regard to both student discipline and workplace conditions." (Docket Entry 82, ¶ 13). Plaintiff does not claim that he told Dr. Bowers Plaintiff was the victim of racial discrimination. For that reason alone, Plaintiff cannot rely on Dr. Bowers's presence at his administrative hearing to toll the

5

exhaustion of administrative remedies requirement, and Plaintiff's Title VII claims should be dismissed.³

Defendants Jenkins and Meyer also argue that they are not Plaintiff's employers and, as such, cannot be held liable under Title VII. Plaintiff does not address this argument in his Responses. It is clear, however, that an individual may not be held personally liable under Title VII. *See Wathen v. General Elec. Co*, 115 F.3d 400, 403-06 (6th Cir. 1997). Plaintiff's Title VII claims as to Defendants Jenkins and Meyer should therefore be dismissed for failure to state a claim upon which relief may be granted.

2. Claims Pursuant to 42 U.S.C. § 1983

Plaintiff alleges Defendants Metro, Jenkins, and Meyer wrongfully terminated his employment due to discrimination based on race and sex, in violation of 42 U.S.C. § 1983. Section 1983 creates a federal cause of action when state or local officials deprive a person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To assert a claim under § 1983, the Plaintiff "must establish: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that he was subjected to or

---

[3] The Magistrate Judge further believes that, even if Plaintiff had complained to Dr. Bowers that he had been discriminated against based on his race, the exhaustion requirement should not be waived or tolled. Plaintiff has not alleged he was ignorant of Title VII's administrative remedies or was misinformed by his employer about the administrative process. Because waiver and equitable tolling are very limited remedies, and Plaintiff has alleged no reason why he is entitled to either, the Magistrate Judge believes it would be inappropriate in this case. *See Lomax v. Sears, Roebuck & Co.*, 238 F.3d 422, 2000 WL 1888715, *6 (6th Cir. Dec. 19, 2000) (stating that "all claimants, including pro se claimants, have a responsibility to meet the requirements of the law," which include exhausting administrative remedies in a Title VII action).

caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

Defendants argue that Plaintiff's claim is time-barred.[4] The appropriate statute of limitations for section 1983 actions is determined by state law. *See Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."). In Tennessee, the statute of limitations for section 1983 actions is one year. Tenn. Code Ann. § 28-3-104(a)(3). *See also Griffin v. Eidson*, 22 F.App'x 393, 395 (6th Cir. 2001).

Plaintiff filed this action on September 21, 2009. In his Amended Complaint, Plaintiff alleges that the termination of his employment was in violation of his civil rights. Plaintiff alleges that Defendants provided him with a termination letter, but he does not indicate on what date his employment ended. (Docket Entry 55, ¶ 18). Defendants have attached the termination letter as an exhibit to their motions to dismiss. (Docket Entries 66, 70, 73).[5] This document states that Plaintiff was terminated effective April 4, 2007. Because Plaintiff's claim under section 1983 is centered on his termination, April 4, 2007 is the date the statute of limitations

---

[4] Defendants also argue they are immune from suit. The Magistrate Judge does not believe it necessary to address this argument because Plaintiff's claim fails because it is untimely.

[5] Because Plaintiff refers to the termination letter several times in his Amended Complaint and because the fact of his termination is central to his case, the Magistrate Judge believes it is proper to consider this exhibit in the context of a motion to dismiss. *See Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (noting that a document "that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings" if the document "is referred to in the complaint and is central to the plaintiff's claim.").

7

began to run.  *See Griffin*, 22 F.App'x at 395 ("A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action.").  There is no allegation that Plaintiff found out at a later date that his firing was based on race or sex discrimination.  On the contrary, Plaintiff alleges that he had complained several times to Defendant Jenkins about disparate treatment of white and black students and staff members.  (Docket Entry 55, ¶ 22).  Because the Magistrate Judge believes Plaintiff knew or had reason to know of his alleged injury no later than April 4, 2007, Plaintiff's claims against Defendants under § 1983 are time-barred and should be dismissed.

Plaintiff attempts to extend the limitations period by alleging a continuing violation by Defendants.  Plaintiff alleges that the "workplace climate is an ongoing situation" and that "[t]he damage continues to this day."  (Docket Entry 55, ¶ 33).  Plaintiff's alleged injury under section 1983, however, occurred when he was terminated.  Even if there is an ongoing violation of section 1983, Plaintiff has no standing to assert these claims.  *See*, *e.g.*, *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (noting that "a plaintiff must 'assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'").  Moreover, as a *pro se* litigant who is not a licensed attorney, Plaintiff cannot purport to represent a class.  *See* 28 U.S.C. § 1654; *Cavanaugh ex rel. Cavanaugh v. Cardinal Local School Dist.*, 409 F.3d 753, 755 (6th Cir. 2005), ("Because, by definition, *pro se* means to appear on one's own behalf, a person may not appear *pro se* on another's behalf in the other's cause of action."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parm City School Dist.*, 550 U.S. 516 (2007).

3. State Law Claims Against Metro[6]

Plaintiff asserts three state law claims against Defendant Metro. Plaintiff alleges Defendant Metro failed to protect him from workplace violence pursuant to Tenn. Code Ann. § 20-14-108, that Defendant Metro wrongfully arrested him, and that Defendant Metro refused to take a criminal complaint from Plaintiff. The Magistrate Judge believes all these claims should be dismissed.

The Workplace Violence Act, Tenn. Code Ann. § 20-14-101 *et seq*., provides a mechanism for employers to seek temporary restraining orders and injunctions on behalf of employees who are the victims of violence or of credible threats of violence. Tenn. Code Ann. § 20-14-102. Plaintiff cites Tenn. Code Ann. § 20-14-108, which provides, in relevant part: "Nothing in this chapter shall be construed as expanding, diminishing, altering or modifying the duty, if any, of an employer to provide a safe workplace for employees and other persons." Plaintiff equates this to a requirement that Metro must provide a safe workplace. On the contrary, § 20-14-108 explicitly states that it does not affect "the duty, *if any*, of an employer to provide a safe workplace." *Id*. (emphasis added). A careful reading of the section shows that § 20-14-108 is limiting the application of the Workplace Violence Act to a discrete set of circumstances, of which the Plaintiff is not an intended beneficiary. The statute is clearly aimed at protecting individuals who have received a threat of violence outside the workplace (and for which they have most likely obtained a temporary restraining order and injunction) from that

---

[6] Because the Magistrate Judge has recommended dismissal of all federal claims against Defendants Metro, Meyer and Jenkins, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over any of Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367.

9

threat while at work. There is no indication the statute intends to create a private right of action against an employer; in fact, § 20-14-108 specifically limits the application of the statute.

Plaintiff alleges he was wrongfully arrested by Defendant Metro, in violation of Tenn. Code Ann. §§ 49-6-4105(a), 49-6-4216, and 49-6-4203. Section 49-6-4105(a) is part of the School Discipline Act and provides that a teacher or principal cannot be arrested for corporal punishment undertaken pursuant to the Act, "unless a report of an investigation by appropriate law enforcement officials along with independent medical verification of injury is presented to the judge or magistrate prior to issuing the warrant." *See also State v. Wallace*, 2006 WL 1440369, *2 (Tenn. Crim. App. 2006) (stating that this section "protects a teacher who uses corporal punishment from arrests based solely on citizen complaints"). While there is a shortage of case law on this section, it is plain that Plaintiff's alleged wrongful arrest does not fall under this section. Plaintiff alleges he was engaging in self defense against a student, not using corporal punishment. (Docket Entry 55, ¶ 8). The Magistrate Judge does not believe Plaintiff's actions fall under this section. Assuming, for the sake of argument, that the School Discipline Act was applicable to Plaintiff's situation, there is no indication a civil cause of action is available.[7] Moreover, as is discussed in more detail below, Defendant Metro is immune from liability for false arrest.

Section 49-6-4216 creates a "zero tolerance policy" for drugs, violence, and weapons in schools. Tenn. Code Ann. § 49-6-4216. The statute is silent regarding Plaintiff's wrongful arrest allegations. In taking the broadest reading possible of Plaintiff's complaint, the Magistrate

---

[7] The Magistrate Judge also notes that Plaintiff was not a teacher at Whites Creek High School. The statute specifically refers to the use of corporal punishment by teachers and principals.

10

Judge believes Plaintiff asserts that the student should have been disciplined or arrested according to this section. Plaintiff's failure to prosecute claims are meritless, as discussed below.

Section 49-6-4203 merely outlines the legislative intent for the School Security Act of 1981. Tenn. Code Ann. § 49-6-4203. There is no right created by this section.

The Magistrate Judge believes Defendant Metro is immune from liability for Plaintiff's wrongful arrest claims. The Tennessee Governmental Tort Liability Act ("TGTLA") provides that "all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities," with the exception of enumerated actions in the statute. Tenn. Code Ann. § 29-20-201(a). Plaintiff's wrongful, or false, arrest claims are explicitly included in the TGTLA. *See* Tenn. Code Ann. § 29-20-205(2) (specifically including false arrest in a category of torts for which the government retains immunity). To the extent that Plaintiff's claims for false arrest may not be delinquent under the statutes cited by Plaintiff, the Magistrate Judge believes they should nevertheless be dismissed because Defendant Metro is immune from suit for such claims.

Plaintiff further alleges that Defendant Metro refused to take Plaintiff's complaint against the student who allegedly assaulted him. Plaintiff does not cite a statute or other basis for his claim. It is well-settled that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" by the government. *Linda R.S. v. Richard D.*, 410

11

U.S. 614, 619 (1973).[8] The Magistrate Judge believes Plaintiff has failed to state a claim upon which relief can be granted, and this claim should be dismissed.

    4. State Law Claims Against Defendants Jenkins and Meyers

Plaintiff alleges Defendants Jenkins and Meyers violated Tenn. Code Ann. § 39-16-402 by failing to enforce school disciplinary laws. The statute provides, in relevant part, that a public servant who, "with intent to obtain a benefit or to harm another, intentionally or knowingly . . . [r]efrains from performing a duty that is imposed by law or that is clearly inherent in the nature of the public servant's office or employment" may be charged with a Class E felony. Tenn. Code Ann. § 39-16-402. This statute clearly defines a criminal offense and does not provide for a private right of action. *See Davis v. Earls*, 2001 WL 589138, *3 (Tenn. Ct. App. May 30, 2001) (Tenn. Code Ann. § 39-16-402 "do[es] not create a private right of action."). The Magistrate Judge therefore believes Plaintiff's purported claims against Defendants Jenkins and Meyers for "official misconduct" under Tenn. Code Ann. § 39-16-402 should be dismissed.[9]

Plaintiff also alleges that Defendant Jenkins violated Tenn. Code Ann. § 49-50-1409 by improperly reporting the assault upon Plaintiff by a student. The Magistrate Judge believes that Tenn. Code Ann. § 49-50-1409(a) does not apply to Plaintiff's situation. The statute "does not

---

[8] The Plaintiff would have been free to file charges against the student for assault himself if he wished to do so and was within the statute of limitations.

[9] Plaintiff alleges that a private right of action, with a limitations period of six years, is created by Tenn. Code Ann. 28-3-109(a)(2). The purpose of this statute is clearly to provide for limitations on certain actions. No private cause of action for official misconduct is created by the statute.

12

create a cause of action to protect persons . . . who report on matters outside the purposes of the Act–namely, on matters other than falsification of records or the waste or mismanagement of public education funds." *Mosley v. Kelly*, 65 F.Supp.2d 725, 735 (E.D. Tenn. 1999). Plaintiff makes no allegations that Defendant Jenkins mismanaged public education funds or falsified records as those terms are defined in the statute.

     5. Claims Against Defendant White

Defendant White has not moved to dismiss this action. Plaintiff has asserted only state law claims against Defendant White, and there is no diversity jurisdiction, as both are Tennessee residents. On February 22, 2010, the Magistrate Judge ordered Plaintiff to show cause why these claims should not be dismissed for lack of jurisdiction. (Docket Entry 75). Plaintiff filed a Response on March 2, 2010. (Docket Entry 88). Plaintiff cites essentially two reasons why his claims should not be dismissed. First, dismissal of these claims would result in an "inconvenient forum," meaning the state court would hear a limited set of facts in a vacuum. Second, Plaintiff alleges Defendant White and Defendant Jenkins somehow conspired to file a false criminal charge against Plaintiff in order to get Plaintiff fired. The Magistrate Judge is not persuaded by these arguments. Because the Magistrate Judge is recommending dismissal of all Plaintiff's federal claims and to decline the exercise of supplemental jurisdiction, Plaintiff must pursue all his claims in state court. This will not be a situation where the same set of facts is litigated in two courts.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Defendant Metro's motion be **GRANTED** and all claims against Defendant Metro be **DISMISSED.** The

Magistrate Judge further **RECOMMENDS** that Defendant Jenkins's motion be **GRANTED** and all claims against Defendant Jenkins be **DISMISSED**. The Magistrate Judge **RECOMMENDS** Defendant Meyer's motion be **GRANTED** and all claims against Defendant Meyer be **DISMISSED**. The Magistrate Judge also **RECOMMENDS** the court **DECLINE** to exercise supplemental jurisdiction over Plaintiff's state claims against Defendant White.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

Entered this 25th day of March, 2010.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge