IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS F. KOVACH )
)
v. ) NO. 3:09-0886
) JUDGE CAMPBELL
METRO NASHVILLE PUBLIC )
SCHOOLS, et al. )

ORDER

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 90) and Objections filed by the Plaintiff (Docket No. 95). The Court has reviewed the Report and Recommendation, the Objections, and the file. The Objections of the Plaintiff are overruled, and the Report and Recommendation is adopted and approved.

In order for federal courts to have subject matter jurisdiction over Title VII claims, the claimant must first unsuccessfully pursue administrative relief. *Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991). Thus, if the claimant does not first present a claim to the Equal Employment Opportunity Commission ("EEOC"), that claim may not be brought before the Court. *Id.* Plaintiff did not file a claim with the EEOC with regard to this action, so the Court does not have jurisdiction over his Title VII claims, no matter how meritorious Plaintiff believes they are. [1]

Furthermore, as the Magistrate Judge found, claims pursuant to Section 1983 must be filed in Tennessee within one year. Tenn.Code Ann. § 28-3-104(a)(3). Plaintiff did not file this action

---

[1] In addition, even if Plaintiff had exhausted his administrative remedies, he cannot sue Defendants Jenkins and Meyer for Title VII violations because an individual may not be held personally liable under Title VII. *Wathen v. General Elec. Co.*, 115 F.3d 400, 403-06 (6th Cir. 1997).

1

within one year of his employment termination. Again, the Court may not hear Plaintiff's Section 1983 claims, no matter how meritorious he believes them to be.

For the reasons stated by the Magistrate Judge, Plaintiffs' state law claims against Defendants Metro, Jenkins and Meyer should be dismissed with prejudice.

Accordingly, Defendant Metro's Motion to Dismiss (Docket No. 66) is GRANTED, and all claims against Defendant Metro are DISMISSED. In addition, Defendant Jenkins' Motion to Dismiss (Docket No. 70) and Defendant Meyer's Motion to Dismiss (Docket No. 73) are GRANTED, and all claims against Defendant Jenkins and Defendant Meyer are DISMISSED.

Finally, for the reasons stated by the Magistrate Judge, Plaintiff's state law claims against Defendant White are dismissed without prejudice.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58, and the Clerk is directed to close the file. Any other pending Motions are denied as moot.

IT IS SO ORDERED.

                                              /s/ Todd Campbell
                                              TODD J. CAMPBELL
                                              UNITED STATES DISTRICT JUDGE